**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4573

CHRISTOPHER ROBERT GRIFFIN, a/k/a
Dakeem,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
James C. Fox, District Judge.
(CR-97-1-F)

Submitted: March 3, 1998

Decided: March 23, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Douglas McCullough, STUBBS, PAHL & PERDUE, P.A.,
Raleigh, North Carolina, for Appellant. Jane H. Jackson, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christopher Robert Griffin pled guilty to conspiracy to distribute
and to possess with intent to distribute cocaine base in violation of 21
U.S.C. § 846 (1994). The court sentenced Griffin to imprisonment for
197 months, followed by supervised release for five years. Griffin
appeals his conviction and sentence. Griffin's attorney filed a brief in
accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), address-
ing whether the district court properly imposed Griffin's sentence
under the Sentencing Guidelines. Counsel asserts that there are no
meritorious grounds for appeal. Griffin was informed of his right to
file a pro se supplemental brief, and he responded with a motion for
appointment of new counsel. In his motion, Griffin alleges that the
record will support a claim of ineffective assistance of counsel
because his attorney failed to object to the presentence report and
failed to advise him properly in accepting the plea agreement.
Because our review of the entire record reveals no reversible error, we
affirm.

Griffin's attorney raises as a potential claim that the extent of the
district court's departure for substantial assistance under <u>U.S. Sen-
tencing Guidelines Manual</u> § 5K1.1 (1995), was insufficient. How-
ever, the extent of the district court's downward departure is not
reviewable on appeal. <u>See United States v. Hill</u> , 70 F.3d 321, 324-25
(4th Cir. 1995).

In his motion for appointment of new counsel, Griffin contends
that his attorney was ineffective because he failed to object to parts
of the presentence report and counsel improperly advised Griffin
about accepting the plea agreement. A claim of ineffective assistance
of counsel is cognizable on direct appeal only where counsel's defi-
cient performance appears plainly on the face of the record. <u>See
United States v. DeFusco</u>, 949 F.2d 114, 120 (4th Cir. 1991). Any

2

error on the part of counsel in Griffin's case is not plain on the face of the record. The presentence report accurately calculates Griffin's sentencing guideline range, and the district court conducted a very thorough Fed. R. Crim. P. 11 colloquy, which shows that Griffin's guilty plea was entered knowingly and voluntarily. Cf. Boykin v. Alabama, 395 U.S. 238, 242 (1969). Accordingly, Griffin's claims of ineffective assistance of counsel are not appropriate for review on direct appeal.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. We also deny Griffin's motion for appointment of new counsel. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

3